**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                                    No. 10-CR-1000-MCA

**MARCOS COTA-SILVESTRE**,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the *United States' Amended Motion in Limine to Exclude Evidence of Defendant's State of Mind* [Doc. 88] and Defendants' *Motion in Limine to Exclude Evidence Offered By the Government Under 401, 403 & 404(b)* [Doc. 31]. The Court heard arguments and proffers of counsel at the Call of the Calendar held on January 5, 2012. Having considered the submissions, the relevant case law, and otherwise being fully advised in the premises, the Court grants the *United States' Amended Motion in Limine to Exclude Evidence of Defendant's State of Mind* [Doc. 88] and grants in part and denies in part Defendants' *Motion in Limine to Exclude Evidence Offered By the Government Under 401, 403 & 404(b)* [Doc. 31].

**I.      BACKGROUND**

Defendant Marcos Cota-Silvestre, also known as Marco Antonio Muñoz, is charged with the crime of reentering the United States after removal and without authorization in

violation of 8 U.S.C. §§ 1326(a) and (b). [Docs. 16, 99] Defendant was found in Doña Ana County, in the District of New Mexico, on or about December 9, 2009. [Doc. 16] The Government alleges that Defendant is an alien who was removed from the United States on or about September 15, 2009 and that he did not have permission to reenter the United States from the Secretary for Homeland Security. [Doc. 16]

## II. DISCUSSION

A. *United States' Amended Motion in Limine to Exclude Evidence of Defendant's State of Mind* [88]

On July 13, 2010, the Government filed the *United States' Motion in Limine to Exclude Evidence of Defendant's State of Mind* [Doc. 29], followed by the *United States' Amended Motion in Limine to Exclude Evidence of Defendant's State of Mind* [Doc. 88] on December 15, 2011.[1] In its amended motion, the Government seeks to exclude evidence that: (1) Defendant was not aware that it is a crime for an alien to reenter the United States after having been removed from the United States without obtaining authorization from the proper

---

[1] The Government's first motion in limine sought to exclude the following evidence: (1) that Defendant was not aware that it is a crime for an alien to reenter the United States after having been removed from the United States without obtaining authorization from the proper authority; (2) that Defendant was under the mistaken belief that he was authorized to enter the United States; (3) that Defendant was under the mistaken belief that he had not been removed from the United States prior to reentering; and (4) that Defendant returned for a reason. [Doc. 29] The Government amended its motion in limine because "in the intervening time, new case law has emerged that supports the United States's position; moreover a discussion of the necessity and duress defense has been added in response to an increasing number of defendants attempting to present this defense." [Doc. 88 at 1] Although Defendant filed his response to the first motion in limine two days before the Government's amended motion in limine was filed, the Court will "treat Defendant's objections to the previous motion (Doc. 29) as objections to this one." [Doc. 88 at 1 n.1]

authority; (2) Defendant was under the mistaken belief that he was authorized to enter the United States, that he had not been removed from the United States prior to reentering, or that he was a citizen of the United States; (3) Defendant returned for any reason, including economic, cultural, or familial motivations; and (4) Defendant returned to the United States out of necessity or duress, including because of violence or threats in his home country, unless Defendant proffers testimony to the Court that meets the minimum standard as to each element of the defense. [Doc. 88 at 1-2] Defendant responds that his "state of mind regarding the circumstances of the alleged reentry is relevant under Rule 401 of the Federal Rules of Evidence, because the Government must prove that he voluntarily and intentionally reentered, attempted to reenter, or was found in the United States." [Doc. 86]

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. To determine whether evidence of Defendant's state of mind is relevant, the Court must examine the essential elements of the crime with which Defendant is charged. Title 8 of the United States Code, Section 1326(a) provides as follows:

> Subject to subsection (b) of this section,[2] any alien who--

---

[2]Subsection (b) provides as follows:
Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;

> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

"Notably, an intent element, such as 'knowingly,' is absent from the statute's language." United States v. Sierra-Ledesma, 645 F.3d 1213, 1218 (10th Cir. 2011). Nonetheless, "[t]o secure a section 1326 conviction the government must be prepared to show that the defendants *acts* were intentional." United States v. Miranda-Enriquez, 842 F.2d 1211, 1212 (10th Cir. 1988) (emphasis in original) ("Obviously if appellant was drugged and

---

> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both;
>
> (3) who has been excluded from the United States pursuant to section 1225(c) of this title because the alien was excludable under section 1182(a)(3)(B) of this title or who has been removed from the United States pursuant to the provisions of subchapter V of this chapter, and who thereafter, without the permission of the Attorney General, enters the United States, or attempts to do so, shall be fined under Title 18 and imprisoned for a period of 10 years, which sentence shall not run concurrently with any other sentence. or
>
> (4) who was removed from the United States pursuant to section 1231(a)(4)(B) of this title who thereafter, without the permission of the Attorney General, enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be fined under Title 18, imprisoned for not more than 10 years, or both.

8 U.S.C. § 1326(b).

carried across the line, he would not be guilty of the offense." (internal quotation marks and citation omitted)). Although Defendant's *acts* must be intentional, "the government need not prove that defendant has the specific intent to enter the country illegally." United States v. Martinez-Morel, 118 F.3d 710, 717 (10th Cir. 1997). In sum, the "government need not show that defendant willfully and knowingly engaged in *criminal* behavior, but only that the defendant's *acts* were willful and knowing–that the defendant willfully and knowingly reentered the United States and that he did so without the Attorney General's permission." Miranda-Enriquez, 842 F.2d at 1212; see Sierra-Ledesma, 645 F.3d at 1221 n.4 ("To our knowledge, every circuit to have considered Section 1326 has agreed that it does not require proof the defendant intended to break the law, only that he or she intended to reenter the United States."); United States v. Hernandez-Hernandez, 519 F.3d 1236, 1240 (10th Cir. 2008) (noting that Section 1326 is a regulatory statute and "[u]nder such [regulatory] statutes we have not required that the defendant know the facts that make his conduct fit the definition of the offense." (internal quotation marks anc citation omitted)); United States v. Hernandez, 693 F.2d 996, 1000 (10th Cir. 1982) (holding that "the government need not prove that defendant knew he was not entitled to reenter the United States without permission of the Attorney General").

In Martinez-Morel, the defendant challenged his conviction under Section 1326, claiming that the district court erred "in excluding documentary and testimonial evidence of the defendant's *belief* that he was not deported." 118 F.3d 713 (emphasis in original). The Tenth Circuit noted that the "statute does not require the government to prove that the

defendant *knew* he was deported," and therefore, "defendant's belief about whether he was deported is not 'of consequence to the determination of the action.'" Id. (quoting Fed. R. Evid. 401). Because the evidence was irrelevant under Fed. R. Evid. 401, the district court properly excluded it. Id. Accordingly, the Tenth Circuit affirmed the defendant's conviction. Id. at 717.

In this case, the Government seeks to exclude evidence that "Defendant was not aware that it is a crime for an alien to reenter the United States after having been removed from the United States without obtaining authorization from the proper authority." [Doc. 88] Pursuant to Martinez-Morel, Defendant's awareness of the illegality of his actions is irrelevant because it is not "of consequence to the determination of the action." Fed. R. Evid. 401; see also Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). Accordingly, the Government's motion in limine to exclude this evidence is granted.

The Government also moves to exclude evidence that "Defendant was under the mistaken belief that he was authorized to enter the United States, that he had not been removed from the United States prior to reentering, or that he was a citizen of the United States." [Doc. 88] The Tenth Circuit addressed the admissibility of such "mistake of fact" evidence in Miranda-Enriquez. In that case, the defendant argued that "intent to break the law is an element of section 1326" and, therefore, "he should have been allowed to base his defense upon his mistaken belief that he was lawfully present in the United States." 842 F.2d at 1212. The Tenth Circuit noted that "a mistake instruction is required and a mistake defense is appropriate only if criminal intent plays a part in the crime charged." Id. at 1213.

However, under Section 1326, "[n]o intent to break the law–whether characterized as 'specific intent' or 'general intent'–must be proved." Id. at 1212 (holding that the government need only prove that "the defendant's *acts* were intentional"). Accordingly, neither a mistake of fact instruction nor a mistake of fact defense is appropriate in a Section 1326 action. Id. In light of Miranda-Enriquez, the Government's motion in limine to exclude such mistake of fact evidence is granted.

The third category of evidence that the Government seeks to exclude is evidence that "Defendant returned for any reason, including economic, cultural, or familial motivations." [Doc. 88] The Tenth Circuit expressly addressed the applicability of an illegal alien's motive for reentry in United States v. Hernandez-Baide, 392 F.3d 1153 (10th Cir. 2004), cert. granted and judgment vacated by 544 U.S. 1015 (2005), opinion reinstated by 146 Fed. Appx. 302 (10th Cir. 2005) (unpublished). In that case, the plaintiff reentered the United States in violation of Section 1326(a) "to settle a parental rights custody battle concerning her eleven-year-old daughter." Id. at 1155. Following conviction, the defendant sought a downward departure in her sentence pursuant to Sentencing Guideline § 5K2.11, under the "lesser harms" provision. The Tenth Circuit Court of Appeals held that "an alien's intent, motivation or reason for illegal entry into the country cannot serve as a basis for departure under § 5K2.11" because "§ 1326 requires no specific motive or intent." Id. at 1158. The Court explained its holding as follows:

> We previously determined that § 1326(a) is a regulatory measure with no express *mens rea* element or Congressional intent to include a *mens rea* element to be proven by the government for conviction. Our determination is

> consistent with the Supreme Court's conclusion that regulatory statutes silent with respect to *mens rea*, impose a form of strict liability, and an inference Congress did not intend to require proof of *mens rea* to establish an offense. Thus, a deported alien who makes an unauthorized entry into this country, is arguably *per se*, or strictly, liable for such criminal conduct, regardless of the underlying motivation for such illegal entry.

Id. at 1157-58 (internal quotation marks and citations omitted). Because Defendant's motive for reentry is not relevant to the crime of reentry, the Government's motion in limine to exclude evidence of Defendant's motive is granted.

Finally, the Government seeks to exclude evidence that "Defendant returned to the United States out of necessity or duress, including because of violence or threats in his home country, unless Defendant proffers testimony to the Court that meets the minimum standard as to each element of the defense." [Doc. 88] "A criminal defendant is entitled to an instruction on his theory of defense provided that theory is supported by some evidence and the law." United States v. Beckstrom, 647 F.3d 1012, 1016 (10th Cir. 2011). "In evaluating the defendant's proffer, a trial court should evaluate the evidence in a manner favorable to the defendant." Id. The defendant bears the burden to prove each element of his affirmative defense by a preponderance of the evidence. See United States v. Portillo-Vega, 478 F.3d 1194, 1197-98 (10th Cir. 2007) (duress); United States v. Al-Rekabi, 454 F.3d 1113, 1122 (10th Cir. 2006) (necessity). "[I]f the evidence is insufficient on even one element, the trial court and jury need not be burdened with testimony supporting other elements of the defense." Portillo-Vega, 478 F.3d at 1197-98 (internal quotation marks and citation omitted).

"A duress defense 'requires the establishment of three elements: (1) an immediate

threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm.'" Id. at 1197 (quoting United States v. Merchant, 992 F.2d 1091, 1096 (10th Cir. 1993)). To prevail on a necessity defense, the defendant must establish that: (1) there is no legal alternative to violating the law, (2) the harm to be prevented is imminent, and (3) a direct, causal relationship is reasonably anticipated to exist between defendant's action and the avoidance of harm." Al-Rekabi, 454 F.3d at 1121. The crime of "illegal re-entry after deportation is a continuing offense" and, therefore, the defendant must also "proffer evidence of a bona fide effort to surrender . . . as soon as the claimed duress . . . had lost its coercive force." Portillo-Vega, 478 F.3d at 1201 (internal quotation marks and citation omitted). "This is an indispensable element of the defense of duress or necessity." Id. (internal quotation marks and citation omitted).

At this time, there is no evidence in the record to support an affirmative defense of duress or necessity. If Defendant intends to raise such affirmative defenses, he must proffer sufficient evidence in support of each essential element of the affirmative defense outside the presence of the jury. See Beckstrom, 647 F.3d 1012, 1016-117 (affirming the district court's order granting the Government's motion in limine to exclude evidence of a duress defense because the defendant had failed to produce sufficient evidence of each essential element of that defense); Portillo-Vega, 478 F.3d at 1196, 1202 (same). Accordingly, the Government's motion in limine is granted.

Defendant argues that the Government's motion in limine should be denied in its

entirety because the Court has the authority, pursuant to Fed. R. Evid. 611(a)(1), to "control . . . the Mode and Order of Interrogation and Presentation of evidence, so as to ascertain the truth." [Doc. 86] Rule 611 does not provide an independent ground for admitting otherwise inadmissible evidence.  See United States v. Irvin, 656 F.3d 1151, 1159 (10th Cir. 2011) (holding that inadmissible hearsay evidence is not admissible under Rule 611); United States v. Majalca-Urias, No. CR-09-322 JP, Doc. No. 71 at 5 (D.N.M. September 15, 2010) (rejecting the defendant's claim that inadmissible evidence regarding state of mind may be admitted under Rule 611); cf. 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 611.02[1][a] (Joseph M. McLaughlin ed., 2d ed. 2011) ("Rule 611(a) does not provide an independent ground for excluding otherwise admissible evidence."). "The rule only empowers the district court to control the mode and order of presenting evidence." Weinstein & Berger, supra, § 611.02[1][a]. Thus, evidence of Defendant's state of mind and affirmative defenses is not independently admissible under Rule 611.

For the foregoing reasons, the Court grants the *United States' Amended Motion in Limine to Exclude Evidence of Defendant's State of Mind* [Doc. 88]. Defendant is precluded from offering evidence regarding his *beliefs*, *mistakes of fact* and *motives*, but may submit evidence in support of his intent to commit the *act* of reentry. Additionally, Defendant is precluded from raising the affirmative defenses of duress or necessity, unless each essential element of the defense is supported by a preponderance of the evidence.

B.  *Motion in Limine to Exclude Evidence Offered By the Government Under 401, 403 & 404(b)* [Doc. 31]

On July 27, 2010, Defendant filed a motion in limine to exclude "evidence of other crimes, wrongs or acts not admissible to prove the character of a person in order to show action in conformity therewith." In his motion, Defendant moves to exclude evidence of his prior criminal convictions and prior use of different aliases, dates of birth, and social security numbers. [Doc. 31 at 1]  The Government responds that it "does not intend to introduce any evidence of [Defendant's] arrests or convictions, and counsel will instruct all government witnesses not to volunteer any such information. The only situation in which the United States would offer such evidence would be to rebut a claim made by or on behalf of [Defendant]." Similarly, the Government "does not intend to introduce evidence of multiple dates of birth or Social Security numbers unless they develop unexpected relevance at trial." As for Defendant's aliases, "the parties have agreed to stipulate that [Defendant] previously used the name Marco Antonio Muñoz and variations of it such as Marco A. Muñoz and Marco Muñoz." [Doc. 38]

On January 4, 2012, the Government filed a *Notice of Stipulation to Jury*, which provides as follows: "The United States of America and Defendant Marcos Cota-Silvestre stipulate to the jury that Defendant Marcos-Cota-Silvestre previously used the name Marco Antonio Muñoz. Because the parties have agreed to this fact, the jury may accept it as true." [Doc. 98]  At the Call of the Calendar on January 5, 2012, Defendant reviewed the stipulation, discussed it with his attorney, and signed it. Additionally, the Court conducted

a colloquy during which Defendant admitted that he previously had used the name Marco Antonio Muñoz. [Doc. 99]

In light of the Government's response and the parties' stipulation, the Court grants in part and denies in part Defendant's *Motion in Limine to Exclude Evidence Offered By the Government Under 401, 403 & 404(b)*. [Doc. 31] The Government is permitted to admit evidence regarding Defendant's prior use of the alias Marco Antonio Muñoz, but is not permitted to admit evidence of Defendant's prior convictions, use of different aliases, dates of birth and social security numbers.

### III.   CONCLUSION

Because the state of mind evidence that the Government seeks to exclude is irrelevant to the crime of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b), the Court grants the *United States' Amended Motion in Limine to Exclude Evidence of Defendant's State of Mind.* [Doc. 88] In light of the Government's response and the parties' stipulation, the Court grants in part and denies in part Defendants' *Motion in Limine to Exclude Evidence Offered By the Government Under 401, 403 & 404(b)*. [Doc. 31]. The Court's ruling on all issues addressed above are subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial. If such circumstances should arise, the parties must seek a ruling from the Court outside the presence of the jury regarding the admissibility of such evidence.

**IT IS, THEREFORE, ORDERED** that the *United States' Amended Motion in Limine to Exclude Evidence of Defendant's State of Mind* is **GRANTED**. [Doc. 88]

**IT IS FURTHER ORDERED** that Defendants' *Motion in Limine to Exclude Evidence Offered By the Government Under 401, 403 & 404(b)* is **GRANTED IN PART AND DENIED IN PART.** [Doc. 31]

**IT IS FURTHER ORDERED** that the Court's pretrial evidentiary rulings set forth above are subject to reconsideration in the event that unforeseen circumstances or a change in context should arise during the trial.

**SO ORDERED** this 6th day of January, 2012, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge